IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Jason Antonio West, ) | |
| ) | C/A No. 2:20-2131-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On June 4, 2020, Petitioner Jason Antonio West, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It appears from the filings that Petitioner pleaded guilty on January 7, 2016, to trafficking cocaine, in violation of S.C. Code Ann. § 44-53-370. He was sentenced to five years in the custody of the South Carolina Department of Corrections. Petitioner asserts that the solicitor, in conjunction with Petitioner's trial counsel, presented fabricated facts and perjured testimony to obtain Petitioner's guilty plea. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

Petitioner noted in his § 2254 petition that he no longer was in custody. On September 8, 2020, the Magistrate Judge issued a proper form order and special interrogatories to Petitioner, to which Petitioner responded on September 21, 2020. Among other things, Petitioner informed the court that he had been released to supervised parole on July 20, 2017, and had been released from parole on March 1, 2019.

On July 26, 2021, the Magistrate Judge issued a Report and Recommendation in which she

determined that the court lacks subject matter jurisdiction because Petitioner no longer was in custody pursuant to the judgment of the state court, as required by § 2254(a). The Magistrate Judge also determined that the § 2254 petition is moot because Petitioner had not alleged he was subject to any conditions of release or collateral consequences for which the court could provide a remedy. Accordingly, the Magistrate Judge recommended that the § 2254 petition be summarily dismissed without prejudice and without requiring Respondent to file a return. Petitioner filed objections to the Report and Recommendation on August 12, 2021, and August 16, 2021.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

## DISCUSSION

Petitioner contends that the Magistrate Judge erred in concluding he suffers no collateral consequences from his conviction. Petitioner contends that he has been denied employment and self-employment opportunities, the right to serve on a jury, and the right to bear arms. In support of his position, Petitioner attached a copy of a letter from the Dorchester County, South Carolina, Clerk of Court excusing him from jury duty because he had been convicted of a crime that carries a sentence of more than one year (ECF No. 11-4, 17); a copy of a letter from Uber tentatively rejecting Petitioner's application to enter into an independent contractor relationship because of his conviction (ECF No. 11-4, 18); and a copy of an email from an insurance company indicating that, because of

Petitioner's conviction, he is currently eligible only for coverage against accidental deaths (ECF No. 11-4, 20).

Although the court sympathizes with Petitioner's plight, the court lacks jurisdiction to consider Petitioner's arguments. As the Magistrate Judge properly found, § 2254(a) mandates that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner no longer is in custody. He served his state sentence and satisfied the conditions of his parole prior to filing the within § 2254 petition. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492 (1989).

Petitioner is correct that collateral consequences such as he describes may be sufficient to constitute an exception to the mootness issue after release. See e.g. Carafas v. LaVallee, 391 U.S. 234, 237 (1968) ("It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. Because of these 'disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.'") (quoting Fiswick v. United States, 329 U.S. 211 (1946)). Nevertheless, the question of mootness is separate and distinct from the jurisdictional issue. Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986). Establishing jurisdiction is a matter of satisfying the "in custody" statutory requirement. A case becomes moot when the issues presented are no longer "live" or the

3

parties lack a legally cognizable interest in the outcome. Id. (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). Absent subject matter jurisdiction, the court cannot consider the merits of Petitioner's grounds for relief. Petitioner's objection is without merit.

## CONCLUSION

The court concurs with the recommendation of the Magistrate Judge. Petitioner's § 2254 petition (ECF No. 1) is summarily dismissed, without prejudice and without requiring Respondent to file a return.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). For the reasons stated, the court concludes that the Petitioner has not made the requisite showing, and therefore denies a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 18, 2022.